Kumar v. Garland

BIA
Schoppert, IJ
A205 935 067

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

ASHOK KUMAR,
> *Petitioner,*

v.                                                          **20-1799**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**            Heena Arora, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**            Brian M. Boynton, Acting
                               Assistant Attorney General;

Anthony C. Payne, Assistant Director; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ashok Kumar, a native and citizen of India, seeks review of a May 13, 2020 decision of the BIA affirming an April 16, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ashok Kumar*, No. A205 935 067 (B.I.A. May 13, 2020), *aff'g* No. A205 935 067 (Immig. Ct. N.Y. City Apr. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); and "the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Substantial evidence supports the agency's determination that Kumar was not credible when he claimed that Congress Party members twice beat him because he was a member of the Indian National Lok Dal ("INLD") Party.

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). And, contrary to Kumar's contention, "an IJ may rely on *any* inconsistency," *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), "without regard to whether [it] . . . goes to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*,

3

534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76.

Here, the agency reasonably relied on the inconsistency between Kumar's asylum application, his political party's written statement, and his father's and family friend's affidavits, all of which reported that Kumar joined the INLD Party in India in November 2013, and record evidence that Kumar had arrived in the United States in June 2013, some five months earlier.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Contrary to Kumar's contention, the IJ gave him ample opportunity to explain this inconsistency, but he could not do so compellingly.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).  There is no merit to Kumar's argument that the November 2013 dates were the result of translation errors.  The original Hindi version of his family friend's affidavit provided the 2013 date in Arabic numerals; and the original Hindi versions of the other two supporting documents (if they exist) are not in the record.  Further, although Kumar later submitted new statements from himself,

4

his political party, his father, and his family friend, none of those documents explained the purported prior errors. *See id.*

The agency also reasonably found implausible Kumar's testimony that he had not provided any guidance to his father, family friend, or political party as to what to write in their supporting statements, given that all three of them provided the same exact "incorrect" date of November 15, 2013. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience").

The agency also reasonably found Kumar's credibility impugned by the nearly identical language used in his father's and family friend's initial affidavits. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"); *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding adverse

credibility determination partly based on significantly similar language in supporting affidavits).

The noted inconsistencies, implausibilities, and similarities constitute substantial evidence supporting the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That adverse credibility determination is dispositive of Kumar's claims for asylum, withholding of removal, and CAT relief because all three rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court